## Lewis W. Dodge *vs.* Herman Doane.

A judgment debtor, whose property has been levied on, and the execution thereby satisfied in part, may afterwards be committed to prison on the same execution to satisfy the balance: But, if a judgment debtor is committed on execution before any of his property is levied on, the execution, by the common law, is considered as satisfied, and cannot afterwards be levied on his property.

This was an action of debt on a jail bond, given to the plaintiff by one Arminson as principal and the defendant as surety, and was submitted to the court of common pleas at the October term, 1847, on the following statement of facts: —

On the 25th of March, 1847, Arminson was committed to jail on an execution obtained by the plaintiff, at the January term of the same court, 1847, against him and one Haywood; and on the same day this bond was given. It is admitted, tnat Arminson, soon after giving the bond, broke the condi-

tion thereof by going beyond the jail limits, and that the plaintiff is entitled to judgment, unless the following facts constitute a defence. The execution against Arminson was placed in the hands of an officer, who on the 12th of March, 1847, levied it on certain property of Arminson's, which he sold at public auction. The proceeds of the sale paid but a small portion of the execution, as appeared by the officer's return, and Arminson having offered no other property to satisfy the balance, was, on the 20th day of said March, committed to jail by the officer on the same execution.

The defendant contended, that the officer, having levied on property at first, had no right to commit the body of Arminson to prison to satisfy the balance of the execution, but that he should have returned the same into the clerk's office, and obtained an *alias* execution. But the court of common pleas gave judgment for the plaintiff, and the defendant appealed to this court.

The case was argued in writing.

*E. F. Hodges*, for the defendant, cited 4 Steph. Com. 646 ; 3 Bl. Com. 412 ; *Miller* v. *Parnell*, 6 Taunt. 370 ; *Wilson* v. *Kingston*, 2 Chitty, R. 203, and 1 Chitty, R. 134, note (a) ; *Gardner* v. *Cover*, 1 Gale, 45 ; *Edmond* v. *Ross*, 9 Price, 5 ; *Dicas* v. *Warne*, 10 Bing. 341 ; *Knight* v. *Coleby*, 5 M. & W. 274 ; *St.* 1784, *c.* 28 ; Rev. Sts. *c.* 97, §§ 10, 12 ; *Brinley* v. *Allen*, 3 Mass. 561 ; *Almy* v. *Wolcott*, 13 Mass. 73 ; Tidd, Pr. (6th ed.) 1066 ; Barnes, 213 ; Swift's Dig. 796. In *Blanchard* v. *Waters*, 10 Met. 185, the plaintiff corrected or amended the writ ; here he virtually made a new one ; in that case the amendment could have been made after the return ; here such a thing was impossible. The case of *Hearsey* v. *Bradbury*, 9 Mass. 95, has no application to this ; in that case, the amendment was unnecessary and inoperative, for the constable could have served the writ without the change in the direction. *Wood* v. *Ross*, 11 Mass. 271.

*W. Brigham*, for the plaintiff, cited *Blanchard* v. *Waters*, 10 Met. 185 ; Rev. Sts. *c.* 97, § 10 ; *St.* 1784, *c.* 28, § 1.

MÉTCALF, J. By the English law, a judgment creditor

**39\***

may take out such a writ of execution as he elects; a *capias ad satisfaciendum*, a *fieri facias*, a *levari facias*, an *elegit*, or an *extendi facias*, &c. Having taken out one of these, he may, before it is executed, abandon it, and take out one of the others. But after one of them is executed, he cannot take or proceed upon another, until that which has been executed is returned; and then, if a part only has been levied on a *fieri facias*, he may have an *alias fieri facias*, or other execution, for the remainder. So, if a *capias ad satisfaciendum* be rendered ineffectual by the death or escape of the judgment debtor, the creditor may have another writ of execution for the whole debt. If, however, the creditor sue out a writ of *elegit*, and take any of the debtor's land thereon, and that writ be returned and filed, he cannot afterwards take the body of the debtor on a new execution, although the land so taken be wholly inadequate to the discharge of the debt. 2 Tidd's Pract. (1st Amer. ed.) 912, 913 ; Bingham on Judgments, 175, 176 ; Bac. Ab. Execution, D. ; 3 Bl. Com. c. 26.

The English writs of execution are so framed as to direct only one mode of service by the officer. The *capias ad satisfaciendum* commands him to take and safely keep the body of the judgment debtor, to satisfy the judgment creditor for the debt which he has recovered. The *fieri facias* commands the officer, that of the judgment debtor's goods and chattels he cause to be made the amount of the judgment recovered by the creditor, and to have the money before the court at a certain day. And all the other writs of execution command the officer to serve them, respectively, in the mode therein prescribed, according to the law which is applicable to each.

In this commonwealth, we have only one form of execution in personal actions brought in this court and in the court of common pleas; and that form includes all the different English writs of execution which we have adopted. Our writ of execution commands the officer, that of the goods, chattels or lands of the judgment debtor, he cause to be paid and satisfied unto the creditor, at the value thereof in money,

the sum recovered by him, &c.; and for want of goods, chattels or lands of the debtor, to satisfy said sum, to take his body and him commit to jail, and there detain, till he pay said sum, &c., or be discharged by the creditor, or by order of law. And the question now before us is, whether a judgment debtor, whose property has been levied on, and the execution against him thereby satisfied in part only, can afterwards be lawfully committed to prison, on the same execution, to satisfy the balance. And we are of opinion that he may be.

It has never been doubted, but that a levy on land may be made for a balance left unsatisfied after a levy on goods and chattels, and *vice versa*, without taking out an *alias* execution. Such, for a long time, has been the practice. And we see no reason for a distinction between cases of that kind, and the present case. It is for want of goods, &c., " to satisfy " (not to satisfy in part) the debt or damage, and the costs of suit, recovered by the creditor, that the officer is commanded to take the body of the debtor and commit him to prison. And we must understand that the officer is commanded to make the commitment by virtue of the writ of execution then in his hands.

If a judgment debtor is committed on execution *before* any of his property is levied on, the execution, by the common law, is considered as satisfied, and it cannot afterwards be levied on his property.      *Judgment for the plaintiff.*